STATE of Arkansas *v.* Raymond P. MANEES

CR 78-27                                          569 S.W. 2d 665

Opinion delivered September 5, 1978
(Division I)

*Bill Clinton*, Atty. Gen., by: *Jesse L. Kearney*, Asst. Atty. Gen., for appellant.

No brief for appellee.

GEORGE HOWARD, JR., Justice. This is an appeal by the State of Arkansas which presents two issues of interest. The first question may be appropriately framed as:

After a defendant-inmate has commenced serving his sentence in the Department of Correction, does the trial court, which imposed the sentence, have jurisdiction to modify its judgment?

The second question may be properly stated as follows:

Where a trial court grants relief under a post-conviction petition filed by an inmate-petitioner, is the trial court duty bound to make formal findings of fact and conclusions of law graphically delineating the relief granted?

## THE FACTS

On October 24, 1974, the presiding judge of the Circuit Court of Faulkner County entered a judgment of conviction against the appellee, Raymond Manees, upon pleas of guilty to the charges of burglary, grand larceny and attempted escape, sentencing the appellee to a term of seven years in the

Department of Correction. However, the sentence was suspended conditioned upon appellee's good behavior.

On June 6, 1975, appellee entered pleas of guilty to two charges of hot check law violation[1] and to a charge of attempted escape. Pursuant to the pleas of guilty, the trial court sentenced appellee to three years on each charge to run concurrently to each other; the court, pursuant to formal motion by the State, revoked the seven year suspended sentence entered on October 24, 1974, and the court further ordered that the three year sentences which were to run concurrently to each other would run consecutively to the seven year sentence. Stated differently, appellee was sentenced to the Arkansas Department of Correction for a period of ten years.

On April 2, 1977, approximately two years after appellee had been formally sentenced to the Department of Correction, appellee filed a motion to vacate the sentence imposed on June 6, 1975, on the ground that appellee had not been credited for 130 days that he spent in jail prior to his conviction on June 6, 1975, on the charges of violation of the hot check law and attempted escape. The appellee requested that his conviction of June 6, 1975, be vacated, or, in the alternative, his ten year sentence be reduced, or, in the further alternative, the conviction of June 6, 1975, and the sentences pursuant thereto run concurrently to the seven year sentence of October 24, 1974.

On February 2, 1978, the trial court, without receiving any evidence in support of appellee's motion to vacate the sentences or modify them, announced its intention to run the sentences imposed on June 6, 1975, concurrent to the seven year sentence imposed on October 24, 1974, rather than consecutively. The Order in its entirety is as follows:

"On February 2, 1978, Raymond Manees, appeared in person and by his attorney, Casey Jones, hearing was held on petitioner's Motion to Vacate under Rule 37.1 and 37.2, at which time evidence and

---

[1]The law applicable to one obtaining property or personal services with a check drawn on insufficient funds is referred to and cited as "The Hot Check Law." *See:* Ark. Stat. Ann. § 67-719 (Repl. 1966).

testimony was taken. From the evidence and testimony it was determined that petitioner should have his sentences run concurrently rather than consecutively.

"Wherefore, it shall be the order of the Court on this the 2nd day of February, 1978, that the sentences 48-40 and 48-41 run concurrently with 75-61, 75-62, and 75-105 and that the prior sentence which ran these sentences concurrently is now vacated, void and set aside.

"IT IS SO ORDERED."

On February 17, 1978, the following order which was characterized as a "Clarification of Order" was entered:

"This is to clarify the order of February 2, 1978, in that the order incorrectly states that the prior sentences which were vacated ran concurrently. Those prior sentences did in fact run consecutively and the order of February 2 in effect vacates those consecutive sentences and runs them concurrently.

"IT IS SO ORDERED."

## THE DECISION

### I.

The State of Arkansas, in seeking to reverse the action of the trial court, has asserted that the trial court was without jurisdiction to entertain appellee's petition for the vacation or modification of his sentence to the Department of Correction on June 6, 1975. We are persuaded that this contention has merit.

In *Charles* v. *State*, 256 Ark. 690, 510 S.W. 2d 68, we made the following observation:

". . . [W]hen a *valid* sentence has been put into execution, the trial court is without jurisdiction to modify, amend, or revise it in any way either during or after the

term or session of the court at which the sentence was pronounced." (Emphasis added)

We do not have a situation in the instant case where the trial court is seeking to correct its judgment in order to make it speak the truth in aid of this Court in its appellate jurisdiction, *Fletcher* v. *State,* 198 Ark. 376, 128 S.W. 2d 997; or involving a judgment of conviction that is void because of the want of due process of law.[2]

Once a defendant is placed in the custody of the Arkansas Department of Correction to the end that he may commence serving his sentence under a valid judgment of conviction, the Department of Correction has exclusive jurisdiction for the care, control and supervision of the individual and the trial court has no authority to intervene in the process of the supervision and administration of the defendant-inmate. *Charles* v. *State,* supra.

## II.

The State of Arkansas further argues that the trial court's action in modifying the appellee-inmate's sentence of June 6, 1975, to run concurrently rather than consecutively is a nullity because the trial court's order is void of any findings of fact and conclusions of law. This argument also her merit.

Relevant provisions of Rule 37.3(c) of the Arkansas Rules of Criminal Procedure applicable to post-conviction proceedings and relief brought by a defendant-inmate, as we have here, provide:

". . . The court *shall determine the issues and make written findings of fact and conclusions of law* with respect thereto . . . " (Emphasis supplied)

In *Fuller* v. *State,* 256 Ark. 133, 505 S.W. 2d 755, we made the following observation relative to the necessity of the trial

---

[2]*See: Swagger* v. *State,* 227 Ark. 45, 296 S.W. 2d 204, where it was held that where a judgment or conviction is void because of the want of due process of law, it has no force and effect, and can be vacated at any time — even after commitment to the penitentiary.

court in making findings of fact and conclusions of law in accordance with former Criminal Rule 1(E), the prececessor of the current Rule 37 of the Arkansas Rules of Criminal Procedure:

"*This provision is mandatory* . . . "(Emphasis added) *See: Orman* v. *Bishop, Supt. State Prison,* 243 Ark. 609, 420 S.W. 2d 908 (1967).

It is clear from this record that no findings of fact and conclusions of law were made by the trial court relative to the hearing on appellee's motion to vacate his sentence. Moreover, the record is void of any evidence whatsoever in support of appellee's motion for relief.

Reversed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.