Derek Charles COLEMAN *v.* STATE of Arkansas

CR 98-224                                        998 S.W.2d 748

Supreme Court of Arkansas
Opinion delivered September 16, 1999

*Appellant*, pro se.

No response.

P ER CURIAM. The *pro se* appellant, Derek Charles Coleman, was convicted by a jury of first-degree murder and was sentenced to life in prison. We affirmed his conviction and sentence in *Coleman v. State*, 314 Ark. 143, 860 S.W.2d 747 (1993). Coleman subsequently filed a *pro se* petition for postconviction relief pursuant to Arkansas Criminal Procedure Rule 37. The Circuit Court denied relief without a hearing. In his appeal from that order, Coleman assigned error to the Circuit Court's failure to make written findings in the order denying relief. We agreed that the order did not comply with the requirements of Rule 37.3, and we reversed and remanded the case for written findings and if necessary, a postconviction hearing. *Coleman v. State*, CR 96-883 (June 30, 1997).

The Circuit Court subsequently appointed counsel for Coleman and held a hearing on the claims in Coleman's petition, which included allegations that his trial counsel was ineffective for waiving a pretrial hearing without Coleman's consent; failing to move to suppress Coleman's custodial confession; failing to call several character witnesses; failing to properly investigate the case; failing to ensure a proper competency evaluation; and for failing to ensure proper jury instructions. After the hearing, the Circuit Court entered the following order:

The Court upon a review of the complete record including a postconviction hearing on this date finds that the defendant-petitioner's claim for Rule 37 relief should be denied.

## FINDING OF FACTS

1.  The defendants-petitioner was adequately and effectively represented by the Crittenden County Public Defender's Office.

2.  That the defendant-petitioner discussed the presentation of his case and participated in the development of his case.

3.  The defendant-petitioner has not demonstrated any factual basis to warrant a new trial or postconviction relief.

Motion denied.

Coleman now appeals from this order. Once again, he contends that the order does not comply with the requirements of Rule 37.3. We agree that the Circuit Court's order does not comply with the rule's mandatory requirement of written findings of fact and conclusions of law following a postconviction hearing.

In pertinent part, Rule 37.3(c) provides that after a hearing, "[t]he court *shall* determine the issues and make written findings of fact and conclusions of law with respect thereto." In *Williams v. State*, 272 Ark. 98, 612 S.W.2d 115 (1981), we noted that "[w]e have held without exception that this rule is mandatory and requires written findings." In *Baumgarner v. State,* 288 Ark. 315, 705 S.W.2d 10 (1986), we made it clear that the requirement of written findings of fact applies to any issue upon which a Rule 37 hearing is held.

While the Circuit Court's order contains the "finding of facts" as set out above, they are conclusory. Specifically, they do not reflect how the trial court applied the standard for ineffective assistance of counsel claims, as set forth in *Strickland v. Washington,* 466 U.S. 668 (1984), to the allegations that were raised in Coleman's petition and that were addressed during the postconviction hearing. Accordingly, we must once again reverse and remand the case for findings that comply with the rule.

The absence of written findings, however, does not preclude our review of another claim that Coleman raises in this appeal. Coleman argues that we should reverse the Circuit Court's denial of postconviction relief because he did not receive effective assistance of counsel during the postconviction hearing. Coleman argues that the right to effective assistance of counsel attached when the Circuit Court appointed an attorney to represent him during the postconviction hearing. We disagree.

■ It is well settled that there is no right to counsel in a postconviction proceeding. *Pennsylvania v. Finley*, 481 U.S. 551 (1987). As a result, when the Circuit Court appointed an attorney to represent Coleman at the hearing on the Rule 37 petition, it was merely exercising its discretion pursuant to Rule 37.3. Coleman cannot now complain about his postconviction attorney's performance.

Reversed and remanded.