Melvin DULANEY *v.* STATE of Arkansas

CR 98-49                                                999 S.W.2d 181

Supreme Court of Arkansas
Opinion delivered September 16, 1999

*Cross, Kearney & McKissic,* by: *Jesse L. Kearney,* for appellant.

No response.

P ER CURIAM. Melvin Dulaney was convicted by a jury of possession of cocaine with the intent to deliver, being a felon in possession of a firearm, and simultaneous possession of drugs and a firearm. For these crimes, Dulaney received a cumulative sentence of thirty-four years' imprisonment. We subsequently affirmed appellant's conviction in *Dulaney v. State,* 327 Ark. 30, 937 S.W.2d 162 (1997). Thereafter, appellant filed a Rule 37 petition. After a hearing, the circuit court denied appellant's petition with regard to numerous allegations of ineffective assistance of counsel. However, the court found that appellant had been sentenced improperly to seven years on the revocation of a suspended sentence, and appellant's seven-year sentence was reduced to three years.

On appeal from the denial of his ineffective-assistance claims, appellant raises numerous points challenging the court's finding that counsel was not ineffective. Unfortunately, the circuit court has failed to make sufficient written findings on the points raised in appellant's petition for postconviction relief. Thus, we are unable to effectively review the evidence and the court's reasoning to determine if the court's conclusions were clearly against the preponderance of the evidence.

In *Rawls v. State,* 264 Ark. 954, 581 S.W.2d 323 (1986), we pointed out the distinction between cases decided pursuant to Rule 37.3(a), where no hearing is held and where we

may excuse the failure to make written findings, and those decided under Rule 37.3(c), where a hearing has been held and where we may not excuse the failure to make written findings. We held no such findings were necessary in that case because the trial court apparently decided the motion without a hearing. There was no record of a hearing in the transcript of the proceedings. We pointed out, however, that "[w]e have held that written findings must be made whenever an evidentiary hearing is held."

In *Williams v. State*, 272 Ark. 98, 99, 612 S.W.2d 115, 115 (1981), we noted that "[w]e have held without exception that this rule is mandatory and requires written findings," *Citing State v. Maness*, 264 Ark. 190, 569 S.W.2d 665 (1978); *Robinson v. State*, 264 Ark. 186, 569 S.W.2d 662 (1978). In *Bumgarner v. State*, 288 Ark. 315, 705 S.W.2d 10 (1986), we made it clear that the requirement of written findings of fact applies to any issue upon which a Rule 37 hearing is held.

Here, the court's order addressing ineffective assistance of counsel provided:

> That the performance of Mark Reese as counsel for defendant, during and leading up to his trial, did not fall below the standard expected of counsel, and was not ineffective assistance of counsel.

> That defendant's appeal was perfected by attorneys other than trial counsel; therefore trial counsel, Mark Reese was not ineffective in perfecting the defendant's appeal rights.

The court's order does not address the numerous allegations listed in appellant's petition nor those reiterated on appeal. The court's order is conclusory in nature. Thus, we must remand the case in accordance with Rule 37.3(c) for fact-findings on the issues of ineffective assistance of counsel brought forth in appellant's Rule 37 petition.

Reversed and remanded.