Ricky L. SCOTT *v.* STATE of Arkansas

CR 01-1052                                    96 S.W.3d 732

Supreme Court of Arkansas
Opinion delivered January 30, 2003

*DeeNita D. Moak,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Katherine Adams,* Ass't Att'y Gen., for appellee.

P ER CURIAM. Ricky Lee Scott was convicted by a jury of first-degree murder and was sentenced to life in prison. We affirmed his conviction and sentence in *Scott v. State,* 337 Ark. 320, 989 S.W.2d 891 (1999). Thereafter, Scott filed a Rule 37 petition. After a hearing, the circuit court denied Scott's petition for relief.

On appeal, Scott raises three claims of ineffective counsel. He argues that: (1) trial counsel and previous appellant counsel were ineffective in their failure to abstract the criminal docket in this matter and preserve for appellate review violations of Scott's constitutional rights; (2) trial counsel was ineffective in his failure to properly investigate and document inconsistent statements of a key witness and the circumstances regarding ballistics; and (3) trial counsel was ineffective in his failure to seek a mistrial after damaging and highly prejudicial testimony from a key witness regarding unsubstantiated allegations that Scott raped her daughter.

Scott raised each argument below, but the arguments were not individually addressed by the circuit court in its order denying relief. Instead, the circuit court provided the procedural history of the case, stated the legal standards for the analysis of an ineffective assistance claim, and issued the following conclusory findings:

> After a full and complete review of the petition, legal arguments cited and case citation thereto, the Court finds that the evidence is insufficient to establish ineffective assistance of coun-

sel warranting post-conviction relief. *Cason v. State,* 271 Ark. 803, 610 S.W.2d 891 (1981). Accordingly, the Rule 37 petition is respectfully denied.

■ ■ In pertinent part, Rule 37.3(c) of the Arkansas Rules of Criminal Procedure provides that after a hearing, "[t]he court shall determine the issues and make written findings of fact and conclusions of law with respect thereto." Without exception, we have held that this rule is mandatory and requires written findings. *Dulaney v. State,* 338 Ark. 548, 999 S.W.2d 181 (1999); *Coleman v. State,* 338 Ark. 545, 998 S.W.2d 748 (1999); *Williams v. State,* 272 Ark. 98, 612 S.W.2d 115 (1981). We have also held that the requirement of written findings of fact applies to any issue upon which a Rule 37 hearing is held. *See Dulaney, supra* (citing *Bumgarner v. State,* 288 Ark. 315, 705 S.W.2d 10 (1986)); *Coleman, supra* (citing *Bumgarner, supra*).

In *Dulaney, supra,* the court noted that without the circuit court's sufficient written findings on the points raised in the appellant's petition for postconviction relief, this court is "unable to effectively review the evidence and the court's reasoning to determine if the court's conclusions were clearly against the preponderance of the evidence." *Id.* at 549. The case was remanded to the circuit court for fact-finding on the arguments raised in the appellant's Rule 37 petition.

In *Coleman, supra,* the court stated that the circuit court's "findings of facts" were conclusory. The court stated:

> Specifically, [the findings of fact] do not reflect how the trial court applied the standard for ineffective assistance of counsel claims, as set forth in *Strickland v. Washington,* 446 U.S. 668 (1984), to the allegations that were raised in Coleman's petition and that were addressed during the postconviction hearing. Accordingly, we must . . . reverse and remand the case for findings that comply with the rule.

*Coleman,* 338 Ark. at 547.

■ In the present case, due to the circuit court's failure to make sufficient written findings, this court cannot effectively

review the evidence and the circuit court's reasoning to determine if the circuit court's conclusions were clearly against the preponderance of the evidence. We hereby remand the case in accordance with Rule 37.3(c) for fact-finding on the arguments raised in Scott's Rule 37 petition.

Reversed and remanded.