2010 Ark. 156

**Kyron Deandre WATKINS, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 09–1079.**

Supreme Court of Arkansas.

April 1, 2010.

No briefs filed.

PER CURIAM.

On August 29, 2007, appellant Kyron Deandre Watkins and two codefendants were tried before a jury on charges of first-degree battery, kidnapping, and possession of a firearm by certain persons. Appellant was convicted of the lesser-included felony of second-degree battery, kidnapping, and possession of a firearm by certain persons, for which sentences of five, ten, and five years' imprisonment in the Arkansas Department of Correction, respectively, were imposed. Appellant was also sentenced by the trial court, rather than the jury, to an additional fifteen years' imprisonment for commission of a felony with a firearm pursuant to Arkansas Code Annotated § 16–90–120 (Repl. 2006), and the court ordered all of the sentences to run consecutively. The Arkansas Court of Appeals affirmed. *Watkins v. State*, 2009 Ark. App. 124, 302 S.W.3d 635.

Appellant timely filed in the trial court a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2009) alleging eight grounds for postconviction relief. A joint hearing was held on the Rule 37.1 petitions of appellant and the two codefendants, and an order denying Rule 37.1 relief was entered on June 19, 2009. However, the trial court's written findings accompanying this order addressed only one issue raised in appellant's original Rule 37.1 petition.

Appellant filed a timely notice of appeal from this order on July 7, 2009, and the appeal transcript was lodged in this court on September 29, 2009. Now before us are appellant's motions in which he requests an extension of time in which to file his brief-in-chief, asks this court to reverse and remand to the trial court for written findings of fact and conclusions of law

regarding appellant's original Rule 37.1 petition, asks to stay his appeal pending the trial court's reconsideration of the petition, and seeks duplication of his brief-in-chief at public expense. Appellant tendered his brief to our clerk on January 4, 2010.

For reasons discussed herein, we treat appellant's motion to remand his case to the trial court as a petition to reinvest jurisdiction in the trial court, and we deny it. Because we determine that the allegations in the petition are such that it is clear that appellant cannot prevail, we dismiss the appeal, and all remaining motions are moot. An appeal from an order that denied a petition for postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *See Pierce v. State*, 2009 Ark. 606, 2009 WL 4405790 (per curiam); *Grissom v. State*, 2009 Ark. 557, 2009 WL 3681389 (per curiam); *Pardue v. State*, 338 Ark. 606, 999 S.W.2d 198 (1999) (per curiam); *Seaton v. State*, 324 Ark. 236, 920 S.W.2d 13 (1996) (per curiam).

### A. Motion to Remand to the Trial Court For Findings of Fact

As an initial matter, we must address the fact that the trial court ruled on only one of the grounds for relief appellant raised in his Rule 37.1 petition. When a hearing is granted on a petition for postconviction relief, we have held that Arkansas Rule of Criminal Procedure 37.3(c) (2009) is mandatory and requires the trial court to provide written findings of fact and conclusions of law on every point upon which the hearing is held. *See Scott v. State*, 351 Ark. 619, 96 S.W.3d 732 (2003) (per curiam); *Beshears v. State*, 329 Ark. 469, 947 S.W.2d 789 (1997) (per curiam). We have distinguished, however, between two different situations under this rule.

In cases where the trial court fails to enter any written findings following a hearing, we have consistently remanded the case to the trial court for fact-finding on all of the issues raised in the petition. *See, e.g., Scott,* 351 Ark. 619, 96 S.W.3d 732; *Beshears,* 329 Ark. 469, 947 S.W.2d 789. However, where the trial court provides written findings on at least one, but less than all, of the petitioner's claims, we have held that an appellant has an obligation to obtain a ruling on any omitted issues if they are to be considered on appeal. *See, e.g., Howard* ⌊4*v. State,* 367 Ark. 18, 238 S.W.3d 24 (2006); *Beshears v. State,* 340 Ark. 70, 8 S.W.3d 32 (2000). With respect to Rule 37.3(c), the instant case is of the latter variety.

■ When a trial court fails to rule on an issue raised in a Rule 37.1 petition, an appellant may request the court to modify its order to include any omitted issue notwithstanding the prohibition against motions for reconsideration in Arkansas Rule of Criminal Procedure 37.2(d) (2009). *Viveros v. State,* 2009 Ark. 548 (per curiam); *Beshears,* 340 Ark. 70, 73, 8 S.W.3d 32, 34. Appellant claims that he filed a request in the trial court in the form of a motion for reconsideration asking that the trial court amend its order denying Rule 37.1 relief and provide a ruling on all issues raised in appellant's original petition. Appellant's motion is not contained in the record, but he has attached to his motion for remand and for stay of appeal what purports to be the referenced motion for reconsideration filed in the trial court. The same document is contained in the appendix to appellant's now-tendered brief-in-chief, and, on this latter copy, a file-mark date of October 2, 2009, is clearly visible.

■ Once a petitioner chooses to file a notice of appeal of an order and the appeal transcript is lodged in the appellate court, the trial court loses jurisdiction to enter any further rulings in the Rule 37.1 proceeding. *See Sherman v. State,* 326 Ark. 153, 931 S.W.2d 417 (1996). In the instant case, appellant's motion for reconsideration was filed in the trial court three days after his appeal was perfected. Inasmuch as the trial court was without jurisdiction to address appellant's motion, any subsequent amended order would have been without effect, even if that order merely provided rulings on the omitted issues. *See id.* Appellant had an obligation ⌊5to obtain a ruling in order to preserve an issue for appellate review, and his failure to meet that obligation precludes us from addressing any of the omitted issues on appeal. *Fisher v. State,* 364 Ark. 216, 217 S.W.3d 117 (2005); *see Howard,* 367 Ark. at 31, 238 S.W.3d at 35. The pro se appellant receives no special consideration on appeal. *See Brown v. Post–Prison Transfer Bd.,* 343 Ark. 118, 32 S.W.3d 754 (2000) (per curiam); *Gibson v. State,* 298 Ark. 43, 764 S.W.2d 617 (1989).

■ Because the trial court lacked jurisdiction to consider appellant's motion for reconsideration, we treat appellant's instant motion for remand as a petition to reinvest jurisdiction in the trial court to obtain rulings on the omitted issues. We decline to reinvest jurisdiction because appellant had a remedy available to him in the form of a motion for a ruling on the omitted issue timely filed before the notice of appeal was filed and the appeal perfected, and that remedy satisfies the fundamental fairness concerns of due process.

■ While there is no constitutional right to a postconviction proceeding, when a state undertakes to provide collateral relief, due process requires that the proceeding be fundamentally fair. *Engram v. State,* 360 Ark. 140, 200 S.W.3d 367 (2004); *Porter v. State,* 339 Ark. 15, 2 S.W.3d 73 ·

(1999). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Ark. Dep't of Corr. v. Bailey*, 368 Ark. 518, 247 S.W.3d 851 (2007). In that regard, the concept of due process requires neither an inflexible procedure universally applicable to every situation nor a technical concept with a fixed content unrelated to time, place, and circumstance. *Id.* Nor does due process require courts to provide an unlimited opportunity to present postconviction claims. *See Maulding v. State*, 299 Ark. 570, 776 S.W.2d 339 (1989) (per curiam). Thus, we have held that certain procedural requirements or other limitations on postconviction relief did not fail to provide due process. *See, e.g., Robinson v. State*, 295 Ark. 693, 751 S.W.2d 335 (1988) (per curiam) (holding that requiring a petition for postconviction relief to meet certain threshold requirements is fundamentally fair).

█ In the instant case, appellant had an opportunity to be heard insofar as there is available an exception to the Rule 37.2(d) prohibition against motions for reconsideration which allows an appellant to request a modified order from the trial court where that court initially fails to rule on an issue raised in a Rule 37.1 petition. *Viveros*, 2009 Ark. 548, 2009 WL 3681672; *Beshears*, 340 Ark. 70, 73, 8 S.W.3d 32, 34. Appellant was obviously aware of this exception, as he filed such a motion; he simply failed to file it in a timely manner before the trial court lost jurisdiction to entertain the motion. Denial of subsequent relief is fundamentally fair where a petitioner had the opportunity to pursue any available or appropriate postconviction relief, and he chose not to do so. *Engram*, 360 Ark. 140, 200 S.W.3d 367; *accord Newman v. State*, 363 Ark. 199, 211 S.W.3d 543 (2005) (Glaze, J. concurring) (stating that *Engram* stood for the proposition that this court has never allowed a petitioner for postconviction relief to ignore jurisdictional requirements where any delay in filing was of his own making).

█ While this court is cognizant of difficulties that may be caused by our procedural rules, due process does not require a separate set of rules for persons in prison. *Maulding*, 299 Ark. 570, 776 S.W.2d 339. All appellants, including those proceeding without counsel, are responsible for following procedural rules in perfecting an appeal. *Raines v. State*, 336 Ark. 49, 983 S.W.2d 424 (1999) (per curiam). One such procedural rule is to obtain a ruling from the trial court on any issue appellant wishes this court to consider on appeal. *See, e.g., Howard*, 367 Ark. 18, 238 S.W.3d 24; *Beshears*, 340 Ark. 70, 8 S.W.3d 32. Matters left unresolved are waived and may not be raised on appeal. *See Jordan v. State*, 323 Ark. 628, 632, 917 S.W.2d 164, 166 (1996).

### B. Ineffective Assistance of Counsel

█ Due to appellant's failure to obtain a ruling, the only issue preserved for this court's review on appeal is appellant's ineffective assistance of counsel claim, which is based on trial counsel's failure to object to sentencing by the trial court, rather than the jury, on the firearm enhancement. In his Rule 37.1 petition to the trial court, appellant argued that the trial judge took it upon himself to sentence appellant to the fifteen-year maximum under Arkansas Code Annotated § 16–90–120, and that trial counsel was ineffective for not objecting to this action. Appellant further argued that he received more time than he would have had the enhancement sentencing been left to the jury, as "it [was] obvious that the jury wanted him to have the minimum." At the hearing on appellant's petition, the sole question appellant asked of trial counsel was why she

did not object to sentencing by the judge rather than the jury on this issue, to which counsel replied that her interpretation of the enhancement statute ₈allowed the judge to impose sentence if he so chose.

The trial court's order denying postconviction relief found that trial counsel's decision not to object to sentencing by the court was trial strategy. The order noted that counsel did object to the application of the enhancement as subjecting appellant to double jeopardy, but did not otherwise object to the application of section 16–90–120. The trial court also determined that, statutorily, it was supposed to impose sentence on the enhancement rather than submitting the issue to the jury.

■■■ In an appeal from a trial court's denial of postconviction relief on a claim of ineffective assistance of counsel, the question presented is whether, under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and based on the totality of the evidence, the trial court clearly erred in holding that counsel's performance was not ineffective. *Small v. State*, 371 Ark. 244, 264 S.W.3d 512 (2007) (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

■■■ Actual ineffectiveness claims alleging deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. *State v. Barrett*, 371 Ark. 91, 263 S.W.3d 542 (2007). Under the *Strickland* test, a claimant must show that counsel's performance was deficient, and the claimant must also show that this deficient performance prejudiced his defense so as to deprive him of a fair trial. *Walker v.*

*State*, 367 ₉Ark. 523, 241 S.W.3d 734 (2006) (per curiam). As to the prejudice requirement, a petitioner must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Sparkman v. State*, 373 Ark. 45, 281 S.W.3d 277 (2008). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

■■■ In his original Rule 37.1 petition to the trial court, as already noted, appellant's claim of ineffective assistance of counsel on the issue of his enhanced sentence under section 16–90–120 was based on counsel's failure to object to the trial court's sua sponte decision to sentence appellant on the enhancement rather than submitting that issue to the jury. To establish ineffective assistance of counsel based on failure to object, this court has held that it is not enough to show that a failure to object prevented an issue from being addressed on appeal. *State v. Brown*, 2009 Ark. 202, 307 S.W.3d 587; *Huls v. State*, 301 Ark. 572, 576, 785 S.W.2d 467, 469 (1990) (per curiam). The *Strickland* test requires a showing of "a reasonable probability that, absent the errors, the *factfinder* would have had a reasonable doubt respecting guilt." *Brown*, 2009 Ark. 202, 307 S.W.3d 587 (quoting *Strickland*, 466 U.S. at 695, 104 S.Ct. 2052) (emphasis in original). "[T]he standard for judging the effectiveness of counsel requires a showing of more than the failure to raise an issue; the petitioner must establish prejudice *at trial* under *Strickland.*" *Huls*, 301 Ark. at 576, 785 S.W.2d at 469 (emphasis added). In other words, the petitioner must demonstrate a reasonable probability that the jury would have reached a different result. *Id.*

■■■ ₁₀Appellant alleged prejudice in that he received a higher sentence from

the judge than he would have had the jury been allowed to determine his sentence on the enhancement issue. Appellant based this argument on the fact that he received the maximum enhancement from the trial court while "it [was] obvious that the jury wanted him to have the minimum." We have held that presuming to know the mental state of a jury presents no rational basis in fact in support of a petitioner's argument. *See Jones v. State*, 2009 Ark. 436, 2009 WL 3063022 (per curiam). Appellant cited no cases in his petition or at his Rule 37.1 hearing in support of this proposition, nor did he present an otherwise convincing argument on this point. The burden is entirely on the appellant to provide facts that affirmatively support his or her claims of prejudice; neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption, and they cannot form the basis of postconviction relief. *See Nelson v. State*, 344 Ark. 407, 39 S.W.3d 791 (2001) (per curiam); *Long v. State*, 294 Ark. 362, 742 S.W.2d 942 (1988). We need not consider an argument, even a constitutional one, when a claimant presents no citation to authority or convincing argument in its support, and it is not apparent without further research that the argument is well taken. *Weatherford v. State*, 352 Ark. 324, 101 S.W.3d 227 (2003). Moreover, to the extent that appellant's argument is based on receiving a more severe sentence than he would have had the jury sentenced him, we note that a claim of prejudice based on the severity of the sentence is an issue for a plea for executive clemency and is unavailing in a Rule 37.1 petition. *Pettit v. State*, 296 Ark. 423, 758 S.W.2d 1 (1988). Thus, for all of the foregoing reasons, appellant failed to establish prejudice as is required under *Strickland*, and he accordingly failed to establish ineffective assistance of counsel.

As appellant did not plead facts that would establish prejudice, we do not address whether trial counsel's failure to object to sentencing by the court on the firearm enhancement fell below a reasonable standard of professional judgment. We do note that our previous cases holding that sentencing was improper by a trial judge under section 16–90–120 and its predecessor statutes are distinguishable from the instant situation in that, in appellant's case, the felony information charging appellant contained a charge for using a firearm in the commission of another crime, and the jury found beyond a reasonable doubt that appellant had used a firearm in the commission of another crime when it convicted him of possession of firearms by certain persons in violation of Arkansas Code Annotated § 5–73–103 (Repl.2005). *See Cotton v. State*, 256 Ark. 527, 508 S.W.2d 738 (1974); *Redding v. State*, 254 Ark. 317, 493 S.W.2d 116 (1973); *Johnson v. State*, 249 Ark. 208, 458 S.W.2d 409 (1970). Further, under the relevant sentencing statute, Arkansas Code Annotated § 5–4–103(b)(4) (Repl.2006), the judge may impose a sentence where the prosecution and the defense agree that the court may fix punishment, which is how the court of appeals characterized the situation in this case. *Watkins*, 2009 Ark. App. 124, at 8, 302 S.W.3d 635. Nevertheless, we do agree with the court of appeals that "it is generally improper for the trial court to sentence on the enhancement provision in place of the jury." *Id.*

As appellant could not prevail, we dismiss his appeal. *See, e.g., Pierce*, 2009 Ark. 606, 2009 WL 4405790; *Grissom*, 2009 Ark. 557, 2009 WL 3681389. Both because we decline to reinvest jurisdiction in the trial court and because we dismiss the appeal, appellant's motion for extension of time in which to file his brief-in-chief, which was based solely on the

ground that appellant needed rulings from the trial court on the omitted issues before he could fully brief his appeal, is moot. Appellant's motion for duplication of his tendered brief-in-chief at public expense is therefore moot as well. Finally, appellant's motion to stay his appeal pending a ruling on the omitted issues by the trial court is moot.

Motion for remand to trial court treated as petition to reinvest jurisdiction and denied; appeal dismissed; remaining motions moot.