

# SUPREME COURT OF ARKANSAS

No. CR-14-362

| | | |
|---|---|---|
| RICHARD INGRAM | | **Opinion Delivered** September 4, 2014 |
| | APPELLANT | |
| V. | | PRO SE MOTIONS FOR WRIT OF CERTIORARI TO COMPLETE THE RECORD, FOR ACCESS TO TRANSCRIPT, AND FOR EXTENSION OF TIME TO FILE BRIEF [JACKSON COUNTY CIRCUIT COURT, NO. 34CR-10-144] |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | HONORABLE HAROLD S. ERWIN, JUDGE |
| | | <u>MOTION FOR WRIT OF CERTIORARI TO COMPLETE THE RECORD DENIED; APPEAL DISMISSED; MOTIONS FOR ACCESS TO TRANSCRIPT AND FOR EXTENSION OF TIME TO FILE BRIEF MOOT.</u> |

## PER CURIAM

In 2012, appellant Richard Ingram was found guilty by a jury in the Jackson County Circuit Court of capital murder for the death of his twenty-three-month-old son, and he was sentenced to life imprisonment without parole. This court affirmed. *Ingram v. State*, 2013 Ark. 446. In 2014, appellant timely filed a verified, pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012), asserting two claims of ineffective assistance of counsel. The trial court denied the petition without a hearing,[1] and appellant timely

---

[1] Arkansas Rule of Criminal Procedure 37.3(c) provides that an evidentiary hearing should be held in postconviction proceedings unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Eason v. State*, 2011 Ark. 352 (per curiam); *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). When the trial court dismisses a Rule 37.1 petition

lodged an appeal of that order in this court. Now before us are appellant's pro se motions for certiorari to complete the record, for access to the transcript, and for extension of time to file brief.

In the motion for writ of certiorari to complete the record before us, appellant asks this court to compel the circuit clerk to complete the record with six exhibits attached to a document filed below that is part of the record on appeal. Four of the six exhibits are included in the record as separately filed documents. Because appellant fails to demonstrate that the omitted documents contain any specific information that is pertinent to the issues raised in the petition, the motion for writ of certiorari is denied.

Because it is clear from the record that appellant could not prevail on appeal, we dismiss the appeal, and appellant's remaining motions are moot. An appeal of the denial of postconviction relief will not be allowed to proceed when it is clear that the appellant could not prevail. *Holliday v. State*, 2013 Ark. 47 (per curiam); *Bates v. State*, 2012 Ark. 394 (per curiam); *Martin v. State*, 2012 Ark. 312 (per curiam).

A review of the petition and the order reveals no error in the trial court's decision to deny relief. When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's

---

without an evidentiary hearing, it "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a); *see Eason*, 2011 Ark. 352. In the instant case, the trial court's order denying postconviction relief complies with the requirement of Rule 37.3.



performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, 427 S.W.3d 29.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, 426 S.W.3d 462. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient

to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

In his petition, appellant summarily alleged that, although a mental evaluation was conducted to determine his competency to stand trial, counsel was ineffective for failing to move for an evaluation to determine his "state of mind" at the time of the crime and whether he had the capacity to appreciate the criminality of his conduct. Appellant also seemed to make the conclusory allegation that counsel was remiss in not calling an expert witness to testify with regard to his mental state at the time of the crime to support an "affirmative defense" that would have resulted in a different outcome at trial.

Because appellant's allegations were either not supported by the trial record or lacked factual substantiation, relief is not warranted. While appellant alleged that counsel was remiss in failing to seek a mental evaluation to determine his "state of mind" when the crime was committed, a review of the trial record shows that the forensic evaluation ordered by the trial court included a determination of whether, at the time of the alleged conduct, appellant had the capacity for the culpable mental state to commit the crime and the capacity to appreciate the criminality of his conduct. The examiner concluded that, at the time of the examination,

appellant had the capacity to understand the proceedings against him, had the capacity to assist effectively in his own defense, and did not have a mental disease or defect. The examiner further concluded that, at the time of the alleged conduct, should the fact-finder conclude that appellant committed the charged offense, appellant did not have a mental disease or defect, had the capacity for the culpable mental state that is required to prove the charged offense, had the capacity to appreciate the criminality of his conduct, and had the capacity to conform his conduct to the requirements of law. At trial, counsel vigorously cross-examined the examiner with regard to his findings and conclusions, and he consistently asserted the defense of mental disease or defect.

To the extent that appellant alleged that counsel was ineffective based on the failure to call an expert witness to support a defense based on a lack of mental capacity, appellant did not allege in his petition what specific information could have been gleaned by an expert other than the court-appointed forensic examiner that would have been favorable to the defense. While appellant appeared to allege in a conclusory fashion that calling a different expert would have produced a different result at trial, he failed entirely to provide any support for the claim that another expert would have come to a different conclusion regarding his mental capacity. The burden is entirely on the petitioner in a Rule 37.1 proceeding to provide facts that affirmatively support the claims of prejudice. *Thacker v. State*, 2012 Ark. 205 (per curiam); *Jones v. State*, 2011 Ark. 523 (per curiam); *Payton v. State*, 2011 Ark. 217 (per curiam). Neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, nor do they warrant granting postconviction relief. *Crain v. State*, 2012

SLIP OPINION

Ark. 412 (per curiam); *Kelley v. State*, 2011 Ark. 175 (per curiam); *Delamar v. State*, 2011 Ark. 87 (per curiam); *Eastin v. State*, 2010 Ark. 275; *Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910 (per curiam). We have repeatedly held that conclusory claims are insufficient to sustain a claim of ineffective assistance of counsel. *Reed v. State*, 2011 Ark. 115 (per curiam); *Wormley v. State*, 2011 Ark. 107 (per curiam); *Delamar*, 2011 Ark. 87.

Appellant next alleged that counsel was ineffective for failing to present an "adversary proceeding" and "mount a cultural defense." He claimed that the outcome of the trial, or at least the imposed sentence,[2] would have been different if counsel had raised the argument that he did not have the requisite mental state to commit the charged crime because he did not intend to kill his son when he beat him but that his actions were instead an act of reprimanding his son, as influenced by "cultural factors" regarding disciplinary measures. Appellant, however, did not provide any information that would have established the existence of a "cultural defense" in this case. Likewise, he failed to provide the names of witnesses or the substance of their testimony. Appellant's conclusory claim is not sufficient to satisfy *Strickland* because conclusory claims do not demonstrate prejudice. *See U.S. v. Ailemen*, 710 F. Supp. 2d 960 (N.D. Cal. 2008).

Motion for writ of certiorari to complete the record denied; appeal dismissed; motions for access to transcript and for extension of time to file brief moot.

*Richard Ingram*, pro se appellant.

No response.

---

[2]While appellant referred in his petition to receiving a "death sentence," he was sentenced to life imprisonment without parole. *Ingram*, 2013 Ark. 446.