Cite as 2019 Ark. App. 365

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-19-108

| | |
|---|---|
| RODNEY B. HILL<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** September 11, 2019<br><br>APPEAL FROM THE HOWARD COUNTY CIRCUIT COURT<br>[NO. 31CR-16-147]<br><br>HONORABLE TOM COOPER, JUDGE<br><br>REVERSED AND REMANDED |

**MEREDITH B. SWITZER, Judge**

Rodney Hill pleaded guilty to residential burglary and was sentenced to fifteen years in the Arkansas Department of Correction pursuant to a sentencing order entered on February 7, 2017. On April 24, 2017, Hill filed a pro se Rule 37 petition seeking postconviction relief from his sentence. The circuit court held a hearing on Hill's petition on August 8, 2018, and subsequently entered an order denying the petition on September 4, 2018. Hill filed his pro se notice of appeal on August 27, 2018. We reverse and remand this case to the circuit court to determine the issues that were before it and to make findings of fact and conclusions of law with respect to those issues pursuant to Rule 37.3(c) of the Arkansas Rules of Criminal Procedure.

In his Rule 37 petition, Hill asserted that his plea was not made voluntarily and intelligently and that it was entered without the effective assistance of counsel. Hill raised

at least nine arguments in support of these two contentions. Following the hearing, the circuit court entered an order denying Hill's petition "based upon [the] sworn testimony of Rodney B. Hill, and based upon the sworn testimony of witness subject to cross-examination," because "Petitioner did not request relief that can be granted, did not present evidence sufficient to grant such relief, and for all the reasons set forth on the record[.]" The order did not reference the two bases for Hill's petition or any of the arguments in support thereof. The order did not include any factual findings resulting from the hearing or any conclusions of law relating to any facts.

The circuit court is not required to hold a hearing on a petition for postconviction relief under Rule 37. The circuit court may deny the petition "[i]f the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief." Ark. R. Crim. P. 37(a). The circuit court is required to make written findings "specifying any parts of the files, or records that are relied upon to sustain the court's findings." *Id*. If the circuit court does not dispose of a petition for postconviction relief based on the files and records alone, it may grant a hearing. In either case, written findings are required. Specifically, when a hearing is granted, "[t]he court shall determine the issues and make written findings of fact and conclusions of law with respect thereto." Ark. R. Crim. P. 37.3(c). The rule requiring written findings of fact and conclusions of law is mandatory. *Scott v. State*, 351 Ark. 619, 96 S.W.3d 732 (2003). Our supreme court has routinely remanded when the circuit court fails to enter any written findings following a hearing. *See, e.g.*, *Scott, supra*; *Dulaney v. State*, 338 Ark. 548, 549, 999 S.W.2d 181, 182 (1999); *Coleman v. State*, 338 Ark. 545, 998 S.W.2d 748 (1999).

2

Written findings are required so that the appellate court can "effectively review the evidence and the court's reasoning to determine if the court's conclusions were clearly against the preponderance of the evidence." *Dulaney*, 338 Ark. at 549, 999 S.W.2d at 182. Conclusory findings of fact will not suffice. *Coleman*, *supra*. In *Coleman*, the court reversed and remanded for findings that complied with the rule:

> Specifically, [the findings of fact] do not reflect how the trial court applied the standard for ineffective assistance of counsel claims, as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), to the allegations that were raised in Coleman's petition and that were addressed during the postconviction hearing.

338 Ark. at 547, 998 S.W.2d at 749.

Here, we are faced with a situation similar to that presented in *Scott* and the cases cited therein. The circuit court made no findings of fact or conclusions of law following the hearing. We are therefore incapable of "effectively review[ing] the evidence and the circuit court's reasoning to determine if the circuit court's conclusions were clearly against the preponderance of the evidence." *Scott*, 351 Ark. at 621, 96 S.W.3d at 733.[1] Accordingly, we reverse and remand this case to the circuit court to comply with the requirements of Rule 37.3(c).

Reversed and remanded.

WHITEAKER, J., agrees.

---

[1] A different outcome would be required had the circuit court provided written findings on at least one, but less than all, of petitioner's claims. In *Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910, for example, where the circuit court provided written findings on at least one, but less than all, of petitioner's claims, our supreme court held that appellant was obligated to obtain a ruling on any omitted issues to be considered on appeal. Here, the circuit court provided no written findings from which this court can conduct a meaningful review.

GRUBER, C.J., concurs.

**RITA W. GRUBER, Chief Judge, concurring**. While I agree with the majority decision, I write separately to stress that judicial resources could have been conserved had the circuit court followed the requirement to provide written findings of fact and conclusions of law dictated by Rule 37.3(c) of the Arkansas Rules of Criminal Procedure following a hearing on Hill's claims. When a defendant pleads guilty, the only claims cognizable in a proceeding pursuant to Rule 37.1 are those that allege the plea was not made voluntarily and intelligently or was entered without effective assistance of counsel. *State v. Herred*, 332 Ark. 241, 964 S.W.2d 391 (1998). In addition to claims of ineffective assistance of counsel, Hill raised two issues that are not cognizable in a Rule 37 petition following a guilty plea, specifically judicial conflict of interest and prosecutorial misconduct. *See Jamett v. State*, 2010 Ark. 28, at 3, 358 S.W.3d 874, 876 (refusing to address appellant's claim of prosecutorial misconduct as procedurally barred). As noted in the majority opinion, had the circuit court ruled on at least one of Hill's claims, we would not have been required to reverse and remand. *See Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910. Justice Steele Hays addressed my concern regarding judicial economy in a dissenting opinion in *Smith v. State*, 300 Ark. 291, 297–98, 778 S.W.2d 924, 928 (1989). Unfortunately nothing has changed since 1989, so this case goes back to the circuit court for further findings.

*Rodney B. Hill*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Chris R. Warthen*, Ass't Att'y Gen., for appellee.

4