Cite as 2019 Ark. App. 409

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–19–22

| | |
|---|---|
| FRANK P. CAMPBELL<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** September 25, 2019<br><br>APPEAL FROM THE CARROLL COUNTY CIRCUIT COURT, EASTERN DISTRICT<br>[NO. 08ECR–14–92]<br><br>HONORABLE GARY ARNOLD, JUDGE<br><br>REVERSED AND REMANDED |

## N. MARK KLAPPENBACH, Judge

Appellant Frank P. Campbell appeals from the denial of his petition for postconviction relief. After a jury trial, appellant was convicted of two counts of second-degree sexual assault and one count of sexual indecency with a child and sentenced to thirty years' imprisonment. This court affirmed appellant's convictions in *Campbell v. State*, 2017 Ark. App. 59, 512 S.W.3d 663. Appellant subsequently filed a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37 asserting that his trial counsel, Chris Flanagin, was ineffective on seven grounds. The circuit court denied the petition without a hearing on three grounds, held a hearing on the remaining grounds, and ultimately denied the petition on all grounds. Appellant now appeals the court's rulings on five grounds.

As an initial matter, we must address the sufficiency of the circuit court's order. When a hearing is granted on a petition for postconviction relief, our supreme court has held that Arkansas Rule of Criminal Procedure 37.3(c) is mandatory and requires the circuit court to provide written findings of fact and conclusions of law on every point on which the hearing is held. *Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910. When the circuit court fails to enter any written findings following a hearing, the supreme court has consistently remanded the case to the circuit court for fact-finding on all the issues raised in the petition.[1] *Id.*

Here, the circuit court's order provided that after hearing the evidence in the matter, the court found as follows:

1. The Defendant's request for reconsideration of the Court's previous denial without a hearing as to Arguments one (1) and five (5) is denied.

2. Following the hearing on Arguments two (2), three (3), six (6), and seven (7), the Defendant's Petition is denied as to those and all other arguments.

Appellant abandoned argument four at the hearing but presented evidence and argument that the court should reconsider the previous denial of arguments one and five that was made by a different judge prior to his recusal. Due to the circuit court's failure to make sufficient written findings, we cannot effectively review the evidence and the court's reasoning to determine whether the court's conclusions were clearly against the preponderance of the evidence. *See Scott v. State*, 351 Ark. 619, 96 S.W.3d 732 (2003).

---

[1]If, however, the circuit court provides written findings on at least one, but less than all, of the petitioner's claims, the supreme court has held that an appellant has an obligation to obtain a ruling on any omitted issues if they are to be considered on appeal. *Watkins*, *supra*. That is not the situation here.

2

We therefore reverse and remand the case to the circuit court for written findings of fact and conclusions of law in accordance with Rule 37.3(c). *See Hill v. State*, 2019 Ark. App. 365.

Reversed and remanded.

VIRDEN and HARRISON, JJ., agree.

*Autumn Tolbert, Attorney at Law*, by: *Autumn Tolbert*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.