Cite as 2025 Ark. App. 293

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-24-241

| | | |
|---|---|---|
| | | **Opinion Delivered** May 7, 2025 |
| BRIAN KEITH RAYBORN | APPELLANT | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. 43CR-15-634] |
| V. | | |
| | | HONORABLE SANDY HUCKABEE, JUDGE |
| STATE OF ARKANSAS | APPELLEE | REVERSED AND REMANDED |

**KENNETH S. HIXSON, Judge**

Appellant Brian Keith Rayborn appeals from an order denying his petition for postconviction relief filed pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. Rayborn argues on appeal that, because the circuit court failed to make written findings on any of the four points he raised below claiming ineffective assistance of counsel as required by Rule 37.3(c), we should reverse and remand for the circuit court to make such findings. Rayborn argues in the alternative that, if we do not remand for findings and we instead reach the merits of his claims of ineffective assistance of counsel, we should reverse because each of his four claims has merit. We agree with Rayborn's first point, and we reverse and remand for written findings of fact.

Rayborn was convicted in a jury trial of second-degree murder committed against his girlfriend's one-year-old son and second-degree domestic battering committed against her

three-year-old son. For these offenses, Rayborn was sentenced as a habitual offender to ninety years in prison, which included sentence enhancements for the offenses having been committed in the presence of a child. After Rayborn's convictions, he appealed to this court, and we affirmed his convictions on direct appeal. *Rayborn v. State*, 2020 Ark. App. 358 (*Rayborn I*).

After we affirmed on direct appeal and our mandate was issued in *Rayborn I*, Rayborn filed a timely petition for postconviction relief. In his petition, Rayborn raised these four points arguing ineffective assistance of counsel: (1) trial counsel failed to timely object to wholly improper testimony concerning an investigator's findings; (2) trial counsel failed to lodge a proper Confrontation Clause objection to his girlfriend's statement that "he killed my baby"; (3) trial counsel failed to properly object to the State's impeachment of Rayborn with a statement he made in a court-ordered mental examination; and (4) trial counsel failed to object to evidence that Rayborn had declined consent to a blood draw. In his petition, Rayborn also requested a hearing. The State filed a response to Rayborn's petition, arguing that none of the four points raised in the petition afforded Rayborn any relief and that the petition should be denied.

The circuit court held a hearing on Rayborn's petition for postconviction relief. At the hearing, Rayborn's trial counsel testified regarding each of the four claims raised in Rayborn's petition. At the conclusion of the hearing, the circuit court invited each party to submit proposed findings of fact and conclusions of law, and the court took the matter under

advisement. Both Rayborn and the State subsequently filed proposed findings of fact and conclusions of law.

After the hearing, the circuit court entered the following order:

Comes the Court, and upon consideration of the Defendant's Petition for Relief for ineffective assistance of counsel under Rule 37 of the Arkansas Rules of Criminal Procedure, the State's Response, the pleadings, the testimony, the evidence, the arguments of counsel, the Briefings, the proposed findings of fact and conclusions of law submitted by counsel, and all other matters and things before the Court, the Court hereby finds and orders as follows:

1. The Defendant has failed to show that his trial counsel's performance was deficient.

2. The Defendant has failed to show that there is a reasonable probability that, but for trial counsel's performance, the result of the subject criminal trial would have been different.

3. Therefore, the Court hereby denies the Defendant's subject Petition for Relief under Rule 37 of the Arkansas Rules of Criminal Procedure.

This appeal followed.

Our standard of review in Rule 37 cases is well settled. The appellate court does not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Ali v. State*, 2021 Ark. App. 482. A finding is clearly erroneous when, although there is evidence to support it, after reviewing the totality of the evidence, the appellate court is left with the definite and firm conviction that a mistake has been made.

Rayborn argues that because the circuit court failed to make written findings on any of the points he raised below claiming ineffective assistance of counsel and instead issued only conclusory findings, we should reverse and remand. We agree.

In pertinent part, Rule 37.3(c) of the Arkansas Rules of Criminal Procedure provides that after a hearing, "[t]he court *shall* determine the issues and make written findings of fact and conclusions of law with respect thereto." (Emphasis added.) The supreme court has, without exception, held that this rule is mandatory and requires written findings. *Scott v. State*, 351 Ark. 619, 96 S.W.3d 732 (2003). The supreme court has made it clear that the requirement of written findings of fact applies to any issue on which a Rule 37 hearing is held. *Coleman v. State*, 338 Ark. 545, 998 S.W.2d 748 (1999).

In *Dulaney v. State*, 338 Ark. 548, 999 S.W.2d 181 (1999), the supreme court noted that without the circuit court's sufficient written findings on the points raised in the appellant's petition for postconviction relief, the appellate court is "unable to effectively review the evidence and the court's reasoning to determine if the court's conclusions were clearly against the preponderance of the evidence." *Id.* at 549, 999 S.W.2d at 182. In *Dulaney*, the supreme court remanded to the circuit court for fact-finding on the arguments raised in the appellant's Rule 37 petition.

In *Coleman*, *supra*, the supreme court held that the circuit court's "findings of facts" were conclusory. The supreme court stated:

> Specifically, [the findings of fact] do not reflect how the trial court applied the standard for ineffective assistance of counsel claims, as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), to the allegations that were raised in Coleman's

petition and that were addressed during the postconviction hearing. Accordingly, we must . . . reverse and remand the case for findings that comply with the rule.

*Coleman*, 338 Ark. at 547, 998 S.W.2d at 749.

In the present case, the circuit court's "findings" in its order as set out above are merely conclusory, and the circuit court failed to address the specific allegations made in Rayborn's petition. Because the circuit court failed to make sufficient written findings, this court cannot effectively review the evidence and the circuit court's reasoning to determine if the circuit court's conclusions were clearly against the preponderance of the evidence. *See Dulaney, supra*; *Coleman, supra*. Accordingly, we reverse and remand this case in accordance with Rule 37.3(c) for findings on the arguments raised in Rayborn's petition that comply with the rule.

Reversed and remanded.

VIRDEN and BROWN, JJ., agree.

*Jeff Rosenzweig*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.

5