Albert Ted SCOTT Jr. *v.* STATE of Arkansas

CR 79-133                                      593 S.W. 2d 27

Opinion delivered January 28, 1980
(In Banc)

*Robert A. Newcomb,* for appellant.

*Steve Clark,* Atty. Gen., by: *Julie W. McDonald,* Deputy Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. The trial court denied appellant's petition for relief pursuant to Rule 37. Petitioner had alleged ineffective assistance of counsel and failure to knowingly, voluntarily, and intelligently enter a guilty plea. For his appeal from the adverse ruling on his petition the appellant urges the court erred in finding he knowingly, voluntarily, and intelligently entered a guilty plea and that the trial court failed to make statutorily required written findings of act and conclusions of law. We disagree with appellant on both arguments.

Appellant had entered a guilty plea and charges of theft of property and aggravated robbery. He was sentenced to 35 years on the robbery charge and 15 years on theft. The sentences were to be served concurrently. About two months after sentencing appellant filed his Rule 37 petition. The trial court conducted a hearing on the Rule 37 petition on October 3, 1978, and overruled the petition in an order dated October 12, 1978. The appellant was represented by the public defender at the Rule 37 hearing. At the request of the court, the order, including the findings of fact and conclusions of law, was prepared by the prosecuting attorney. Appellant was granted a belated appeal from this ruling on June 18, 1979.

Appellant and an accomplice were accused of using threats of physical force while taking property, having a value in excess of $100, from Thomas and Katherine Ladd on September 19, 1977. The accomplice pleaded guilty and was prepared to testify on behalf of the state at the appellant's trial which was set for April 25, 1978. Appellant's employed attorney, James Massie, was present and announced ready for trial on the date scheduled. Massie had worked out a plea bargain with the prosecutor and told appellant he did not feel they could beat the charges. Appellant was also charged as a habitual offender because he had at least three prior felony convictions. The retained counsel explained the minimum and maximum sentence the appellant could receive. He also explained the charges and the possibility of conviction but left the decision to appellant as to whether he wanted to plead or go to the jury. After a conversation with his girlfriend, or wife, the appellant in-

formed his attorney he desired to plead guilty. His attorney informed him that the prosecution had found fingerprints at the scene which indicated the appellant was there. The court asked the appellant if he wanted to plead guilty or have a jury trial. Appellant informed the court he wanted to plead guilty. Before accepting the plea, the court explained the penalty on the aggravated robbery was 50 years to life and the penalty on theft of property was 10 to 20 years. The following questions and answers are set out verbatim:

The Court: Is anybody forcing you to do this?

Defendant Scott: No, sir.

The Court: You're doing it of your own free will?

Defendant Scott: Yes, sir.

* * *

The Court: ". . . may be sentenced to an extended term of imprisonment, as follows: Not less than 50 nor more than life." So, apparently, it makes the minimum 50.

The court then examined the habitual offender act and explained it carried a penalty of 10 to 50 years or life. The court again inquired of the defendant if he wanted to plead guilty, and he replied, "Yes, sir." The court then stated: "You're sure you want to do that? If you want to back out and have a jury trial, I have a jury in there ready to try you." The defendant then stated he did not actually commit the robbery. Thereupon the court admonished the appellant not to plead guilty if he were not guilty. Then for at least the third time appellant stated he wanted to enter a guilty plea. The court proceeded to sentence him to 35 years on aggravated robbery and 15 years on theft with the sentences to run concurrently.

After the Rule 37 hearing the court instructed the prosecuting attorney to draw up the order denying the petition. Appellant alleges this is in violation of Rule 37.3 (c) which requires the court to make written findings of fact and conclusions of law.

The evidence clearly shows the appellant knowingly, intelligently, and voluntarily entered a plea of guilty. The record of the Rule 37 hearing clearly reveals appellant stated at least three separate times that he wanted to enter a guilty plea. He admits the court and his attorney advised him of the possible penalty. Further, he knew his fingerprints were found at the scene and that the accomplice would testify against him. In view of this record and the evidence, it appears his attorney advised him well.

We stated in *Byler* v. *State,* 257 Ark. 15, 513 S.W. 2d 801 (1974), that a trial court must determine whether a guilty plea was intelligently and voluntarily made and that a silent record would not satisfy such requirement. That is still the law and we reaffirm it now. Although we were dealing with what was then called Rule 1, we have the same criteria for the present Rule 37. The record is not silent here; it is replete with testimony clearly showing the appellant was informed of the possible penalty, the right to a jury trial, and the probable evidence against him. At least three times he repeated his desire to plead guilty. We think the court met the requirements of *Boykin* v. *Alabama,* 395 U.S. 238 (1969), as well as requirements of Rule 24 and our prior decisions.

The second point argued by appellant is the court failed to make written findings of fact and conclusions of law because the prosecuting attorney drafted the order at the request of the court. This is such a common practice it gives us no concern whatever. When the court approved and signed the instrument he adopted it as his own. It makes no difference who drafted the order so long as the court approved it. We hold this was in compliance with requirements of the law.

Affirmed.

MAYS, J., not participating.