The Honorable Carolyn Pollan State Representative 400 North Eighth Street Ft. Smith, AR 72901
Dear Representative Pollan:
This is in response to your request for an opinion on the following question:
 Is it the responsibility of the Prosecuting Attorney or the staff member of the Circuit Clerk's office to prepare written criminal judgments?
While it is clear that a trial court must follow Rule 36.4 of the Arkansas Rules of Criminal Procedure in pronouncing sentence and judgment [see, Hunter v. State, 278 Ark. 428, 645 S.W.2d 954
(1983)], the rules do not specify the actual means of preparation of written criminal judgments. Nor is this matter addressed in pertinent Arkansas Code provisions. Rule 36.4 states that the judgment of the court may, following a jury's return of a guilty verdict or the court's finding of guilt, be entered "then and there", or entry of judgment may be postponed "to a date certain then fixed by the court, not more than thirty (30) days thereafter." See also Ark. Code Ann. 16-90-105. Rule 36.4 also states:
 The defendant may file a written demand for immediate sentencing, whereupon the trial judge may cause formal sentence and judgment to be made of record.
The Rules of Criminal Procedure and Arkansas Code provisions thus mandate the entry of a judgment of conviction and sentence, and require that the trial court make clear the judgment of sentence. Hunter v. State, 278 Ark. at 430. However, responsibility for preparation of criminal judgments is not specifically imposed on either the prosecuting attorney or the circuit clerk. The Arkansas Supreme Court has, on the other hand, indicated in the context of a Rule 37 petition for post-conviction relief that the Court's approval of written findings satisfies the requirements thereunder, notwithstanding the fact that the Court did not draft the order. Scott v. State, 267 Ark. 628, 593 S.W.2d 27 (1980). Rule 37.3 states that the trial court must make "written findings of fact and conclusions of law." The ruling in Scott v. State is instructive wherein the Court states:
 The second point argued by appellant is the court failed to make written findings of fact and conclusions of law because the prosecuting attorney drafted the order at the request of the court. This is such common practice it gives us no concern whatever. When the court approved and signed the instrument he adopted it as his own. It makes no difference who drafted the order so long as the court approved it. We hold this was in compliance with requirements of the law.
 267 Ark. at 630.
It may therefore reasonably be concluded, in the absence of specific guidance to the contrary from either the Rules of Criminal Procedure or the Code, the Court may exercise discretion in directing the preparation of written criminal judgments.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.