SLIP OPINION

Cite as 2016 Ark. 55

# SUPREME COURT OF ARKANSAS.
No. CR-15-499

| | |
|---|---|
| CORIE RODRIGUS FRAZIER<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered February 11, 2016<br><br>PRO SE APPEAL FROM THE UNION COUNTY CIRCUIT COURT<br>[NO. 70CR-12-0371]<br><br>HONORABLE HAMILTON H. SINGLETON, JUDGE<br><br>AFFIRMED. |

**PER CURIAM**

This is an appeal from the denial of appellant Corie Rodrigus Frazier's pro se petition for postconviction relief filed pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. For the reasons set forth below, the order of the circuit court is affirmed.

On April 23, 2013, Frazier, was convicted by a jury of attempted first–degree murder, two counts of aggravated assault, and possession of a firearm. He was sentenced to an aggregate term of 852 months' imprisonment. The trial court directed a verdict on two counts of aggravated assault, and the jury acquitted Frazier of one count of committing a terroristic act. The convictions are the end result of an altercation that took place between Frazier and his friend, Mark Watts, which culminated in Frazier shooting Mark Watts five times, while Sharon Watts was in close proximity. Frazier contended at trial that Mark Watts also had a gun, and Frazier, therefore, fired in self-defense. On direct appeal, the sufficiency of the evidence was challenged with respect to Frazier's conviction for the aggravated assault of Sharon Watts. The Arkansas Court of Appeals affirmed the conviction

SLIP OPINION

on March 19, 2014. *Frazier v. State*, 2014 Ark. App. 191. The mandate was issued on April 8, 2014.

Frazier filed a properly verified, timely petition for postconviction relief on May 5, 2014, contending that he was deprived of effective assistance of counsel based on the following allegations of error: (1) counsel failed to conduct a proper pretrial investigation and an effective cross-examination of the State's witnesses; (2) counsel failed to adequately impeach the State's key witness, Sharon Watts, failed to present evidence explaining the trajectory of a certain bullet fragment, and, consequently, failed to file an adequate appeal that challenged the evidence supporting his convictions on all counts; (3) counsel failed to strike a juror for cause who was first cousin to an officer who was a witness for the prosecution. The circuit court denied the petition without conducting an evidentiary hearing and adopted, "in toto," the findings and conclusions encompassed in the State's responsive pleading. In its adopted findings, the circuit court concluded that, in view of the evidence adduced at trial, Frazier's allegations of error were unsubstantiated and failed to meet the two-prong burden of proof outlined in *Strickland v. Washington*, 466 U.S. 668 (1984).

On appeal, Frazier repeats the allegations of error described in his Rule 37 petition, but also raises two new allegations. Frazier asserts that counsel erred by failing to petition this court for review of the decision rendered by the court of appeals and also raises a new allegation that counsel failed to challenge the prosecution, under *Brady v. Maryland*, 373 U.S. 83 (1963), for withholding evidence that consisted of pretrial statements given to investigators by Sharon Watts.

SLIP OPINION

Our general rule is that specific allegations of ineffectiveness of counsel must be pleaded, and specific issues of ineffectiveness of counsel cannot be raised for the first time on appeal. *Tisdale v. State*, 311 Ark. 220, 227, 843 S.W.2d 803, 807 (1992). This court will not consider new matters not raised in the Rule 37 petition for the first time on appeal, unless they are so fundamental as to void the conviction. *Nelson v. State*, 344 Ark. 407, 415, 39 S.W.3d 791, 797 (2001) (per curiam).

Frazier contends that counsel failed to raise a *Brady* claim when it came to light, at trial, that Sharon Watts had given investigators detailed statements describing the relevant events. According to Frazier, Sharon Watts's prior statements contained information that contradicted her trial testimony, but Frazier does not identify which contradictions he is referencing and does not point to any evidence contained in the trial record that the prosecutor withheld these statements, or that his counsel was unaware that they existed. In fact, Frazier asserted below in his Rule 37 petition that trial counsel was aware Sharon Watts had made inconsistent statements to investigators, but failed to effectively use those inconsistencies to impeach her testimony. Thus, not only did Frazier fail to raise a *Brady* claim below, he affirmatively represented to the circuit court that counsel was aware of the evidence that he now asserts in his appeal brief was withheld by the prosecution. Where a petitioner offers nothing to show that information was concealed from the defense, and the issue could have been determined with certainty at the time of trial, the petitioner has not demonstrated a *Brady* violation. *McClure v. State*, 2013 Ark. 306, at 2 (per curiam).

To the extent that an allegation of a *Brady* violation may implicate a fundamental error, Frazier's allegations do not. *Cf. Howard v. State*, 2012 Ark. 177, at 7, 403 S.W.3d 38,

44 (substantiated *Brady* claim meets the requirements for the issuance of a writ of error coram nobis). The allegation that the prosecutor failed to disclose evidence that was introduced during the trial is a claim of prosecutorial misconduct that could have been raised at trial or on direct appeal and is therefore, not a claim that can be raised for the first time in a Rule 37 petition. *Howard v. State*, 367 Ark. 18, 27, 238 S.W.3d 24, 33 (2006)(allegation of prosecutorial misconduct that includes a failure to disclose evidence was not a fundamental error that rendered the conviction void, but was an issue that should have been raised at trial).

The allegation that counsel failed to file a petition for review of the opinion rendered by the court of appeals was not raised below and will not be reviewed on appeal. Frazier's new allegation that counsel failed to raise a *Brady* violation contradicts the allegations contained in his Rule 37 petition, and, otherwise fails to identify sufficient facts warranting review on the basis that it implicates a fundamental error capable of rendering his conviction void.

As to the ineffective-assistance-of-counsel claims raised and ruled on below, this court has held that it will reverse the circuit court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Conley v. State*, 2014 Ark. 172, at 4, 433 S.W.3d 234, 239. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire record, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, at 3, 400 S.W.3d 694, 697.

SLIP OPINION

When considering an appeal from a circuit court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland*, 466 U.S. 668, the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, at 5, 427 S.W.3d 29, 32. Under *Strickland*, the effectiveness of counsel is assessed under a two-pronged standard. First, a petitioner must show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 108, 251 S.W.3d 290, 292–93 (2007). In order to demonstrate counsel's error, a petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59 at 4, 386 S.W.3d 477, 481 (per curiam). Furthermore, there is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and a petitioner has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Bryant v. State*, 2013 Ark. 305, at 2, 429 S.W.3d 193, 196 (per curiam).

The second prong requires petitioner to show that counsel's deficient performance so prejudiced his defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, at 5, 426 S.W.3d 462, 467. Consequently, a petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent

the errors. *Breeden v. State*, 2014 Ark. 159, at 2, 432 S.W.3d 618, 622 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*. Conclusory allegations unsupported by facts and which provide no showing of prejudice are insufficient to warrant Rule 37 relief. *Nelson v. State*, 344 Ark. 407, 413, 39 S.W.3d 791, 795 (2001) (per curiam). The burden is on a petitioner to provide facts that affirmatively prove his ineffective-assistance-of-counsel claims, and unsubstantiated allegations cannot form the basis of postconviction relief. *Watkins v. State*, 2010 Ark. 156 at 10, 362 S.W.3d 910, 917.

For his first assignment of error, Frazier argues that counsel erroneously failed to strike a juror, Ms. Magee, when it was revealed during voir dire that Magee was related to Officer Griffin, a witness for the prosecution. Frazier cites Arkansas Code Annotated section 16-31-102(b), for the proposition that Magee should have been struck as a matter of law. Frazier also cites to and relies upon the concurring opinion of Justice O'Connor in *Smith v. Phillips*, 455 U.S. 209, 234 (1982), which discusses the doctrine of implied bias and noted that most jurisdictions have statutes that set forth conduct or status that will automatically disqualify prospective jurors, without regard to whether that person is actually biased. *Id*.

In Arkansas, our statute implies bias where a juror is related to either a party or to counsel for either party, but it is not applicable to a relationship between a witness and a prospective juror. *See* Ark. Code Ann. § 16-31-102(b)(1) (Supp. 2013). Even when a prospective juror is related to either a party or an attorney in the pending case, the prospective juror can nevertheless serve by consent of the parties. *Id*. Thus, under no circumstance are parties compelled by law to exclude certain jurors because of their status.

SLIP OPINION

While our statute does not address bias with respect to a prospective juror's relationship to a witness, we have recognized the doctrine of implied bias where a juror is closely related to a witness to a controverted issue, and a trial court refuses to strike the juror for cause. *Beed v. State*, 271 Ark. 526, 534, 609 S.W.2d 898, 905 (1980)(decision under prior statute). Here, Magee served by consent of the parties, and this is not a case where the trial court refused to strike her for cause. Rather, Frazier challenges his counsel's judgment for consenting to Magee's service.

The trial record reveals that Magee stated during voir dire that, even though she was related to Griffin, the two of them had no social interaction whatsoever and that she would not give Griffin's testimony more weight than that of any other witness. Moreover, Griffin merely took pictures, measurements, and collected evidence from the crime scene; he was not an eyewitness to the shooting, and his testimony was not controverted. The record further reveals that Frazier was present during jury selection, and he was, therefore, aware that counsel had consented to Magee as a juror.

Once jurors are selected by consent of the parties, they are presumed unbiased, and the burden of demonstrating actual bias is on the petitioner. *Howard v. State*, 367 Ark. 18, 37, 238 S.W.3d 24, 39 (2006); *Huls v. State*, 301 Ark. 572, 580, 785 S.W.2d 467,471–72 (1990). Moreover, this court will not label counsel ineffective because of possible bad tactics in jury selection. *Howard*, 367 Ark. at 37, 238 S.W.3d at 39. In sum, Frazier fails to allege sufficient facts or to present any evidence in the trial record to overcome the presumption that Magee was unbiased, or that counsel's judgment regarding Magee's

SLIP OPINION

competence to serve impartially was unreasonable.  The circuit court did not clearly err by dismissing this claim.

Frazier further argues on appeal that counsel was "grossly ineffective" for submitting an inadequate direct appeal to the court of appeals.  However, Frazier's allegation of error raised on appeal in support of his ineffective-appeal claim differ from the allegation raised below.  Specifically, in his Rule 37 petition, Frazier alleged that counsel failed to challenge, on direct appeal, the sufficiency of the evidence supporting his convictions on all counts and, instead, challenged only one aggravated-assault count.  Frazier does not raise this allegation in his appellate argument.  Frazier's failure to make this allegation on appeal precludes review of the issue.  *Davis v. State*, 375 Ark. 368, 375, 291 S.W.3d 164, 169 (2009).  To the extent that Frazier's new allegations of error are preserved on appeal, they are without merit.  Frazier's ineffective-appeal claim rests on an assertion that counsel failed to develop sufficient evidence at trial to ensure reversal of his convictions on direct appeal.  Such conclusory allegations are insufficient to establish a claim that counsel was ineffective on direct appeal.

A petitioner who claims that appellate counsel was ineffective bears the burden of making a clear showing that counsel failed to raise some meritorious issue on appeal. *State v. Rainer*, 2014 Ark. 306 at 13, 440 S.W.3d 315, 323 (citing *Moore v. State*, 2011 Ark. 269 (per curiam)).  Counsel's failure to raise a specific issue must have amounted to error of such magnitude that it rendered appellate counsel's performance constitutionally deficient under the *Strickland* criteria.  The petitioner must show that there could have been a specific issue raised on appeal that would have resulted in the appellate court's declaring reversible

error. *Id.* (citing *Walton v. State*, 2013 Ark. 254 (per curiam)). It is petitioner's responsibility to establish that the issue was raised at trial, that the trial court erred in its ruling on the issue, and that an argument concerning the issue could have been raised on appeal to merit appellate relief. *Id.* Here, Frazier does not identify any meritorious issue raised at trial and denied by the trial court which could have been raised on appeal. Instead, Frazier asserts that his convictions would have been reversed on appeal, if certain facts had been developed at trial. Such speculative allegations are not sufficient to establish a claim for relief under a theory that counsel was ineffective on direct appeal. *Rainer*, 2014 Ark. 306, at 13, 440 S.W.3d at 323.

In his final claim of ineffective assistance of counsel, Frazier contends that counsel failed to adequately investigate and was therefore unprepared to conduct an effective cross-examination of Sharon Watts. Frazier contends that, due to counsel's lack of preparation, the testimony of the State's only key witness was not discredited. To prevail on a claim that trial counsel was ineffective for failing to adequately investigate and prepare for trial, the petitioner must show how a more searching pretrial investigation or better preparation would have changed the results of the trial. *Bond v. State*, 2013 Ark. 298, at 9, 429 S.W.3d 185, 192 (per curiam). Specifically, the petitioner must delineate the actual prejudice that arose from the alleged failure to investigate and prepare for trial and demonstrate a reasonable probability that additional preparation and the information that would have been uncovered with further investigation could have changed the outcome of the trial. *See, e.g.*, *Bryant v. State*, 2013 Ark. 305, at 9, 429 S.W.3d 193, 200 (per curiam). This court has stated that, as with any other claim of ineffective assistance of counsel, a petitioner cannot succeed merely

SLIP OPINION

by alleging that counsel was not prepared. *Camargo v. State*, 346 Ark. 118, 129, 55 S.W.3d 255, 263 (2001).

Frazier insists that Sharon Watts incorrectly testified that, shortly before the shooting, Frazier drove up to the Wattses' house and rolled down the driver's side window of his car. According to Frazier, the driver's side window of his car was inoperable and, therefore, could not have been rolled down at the time of the shooting. Frazier asserts that had counsel conducted an adequate pretrial investigation, documentary proof of the window's defect could have been produced to impeach this testimony. Frazier cites no other contradictory information presented by Sharon Watts, or any other State witness, that trial counsel failed to discover or effectively utilize for impeachment.

A review of the record shows that Sharon Watts did not testify that Frazier rolled down the driver's side window. Rather, she testified that Frazier was sitting on the passenger side of the car with another individual sitting in the driver's seat when the window was rolled down. It is not clear from her trial testimony which window she indicated had been rolled down, but the record shows that Mark Watts testified that the driver's side window was down at the time of the shooting. In any event, Frazier pointed out in his testimony that the driver's side window was inoperable and, thus, was able to present this issue to the jury for its consideration. Clearly the jury resolved the conflict in favor of conviction. *Price v. State*, 373 Ark. 435, 438–39, 284 S.W.3d 462, 465 (2008)(The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence.).

In support of his claim that counsel was unprepared, Frazier presumes that documentary evidence establishing the condition of the driver's side window was material evidence and its introduction would have undermined the credibility of all the evidence presented, including the testimony of both Sharon and Mark Watts. Evidence is material if there is a reasonable probability that its disclosure would have changed the outcome of the trial. *State v. Larimore*, 341 Ark. 397, 404, 175 S.W.3d 87, 91 (2000) (quoting *Strickler v. Green*, 537 U.S. 263 (1999)). Frazier's contention that the testimony of Sharon Watts was key to his convictions is belied by the trial record, which includes the testimony of a neighbor, Delores Ross, who observed Frazier standing over Mark Watts and firing while Watts was attempting to crawl to safety inside his home. Finally, Frazier testified during cross-examination that he pursued Watts and fired the first shot while Watts was on the ground allegedly attempting to retrieve his weapon which, according to Frazier, had been dropped on the ground and had fallen underneath a parked vehicle. No evidence was presented at trial to corroborate Frazier's testimony that Mark Watts had a gun. However, even assuming that Watts was armed, Frazier's own testimony that he chased Watts down and shot while Watts was prostrate tends to abrogate a self-defense claim, in that deadly force is justified as self-defense only if the use of force cannot be avoided by retreating. *Heinze v. State*, 309 Ark. 162, 166, 827 S.W.2d 658, 660 (1992); Ark. Code Ann. § 5-2-607(b) (Repl. 2006). In view of the testimony and other evidence presented by the State, combined with a consideration of Frazier's own description of the incident, Frazier's allegations do not give rise to a reasonable probability that additional preparation could have changed the outcome of the trial. *Bryant*, 2013 Ark. 305, at 9, 429 S.W.3d at 200.

For his last assignment of error, Frazier contends that the circuit court did not comply with the requirements of Arkansas Rule of Criminal Procedure 37.3(a) (2014), because the order lacks the proper findings of fact. Here, the circuit court entered a one-page order that summarily denied relief. However, in its order, the court adopted "in toto" the findings and conclusions found in the State's responsive pleading. These adopted findings set forth each allegation raised by Frazier and specifically concluded that in view of the evidence adduced at trial, Frazier's allegations of error pertaining to jury selection, trial preparation, and inadequate cross-examination lacked merit in that Frazier failed to demonstrate that counsel's representation was unprofessional and prejudicial under the facts contained in the record. In sum, the circuit court complied with Rule 37.3(a) when it adopted the State's findings and conclusions. When the lower court adopts an instrument as its own, it makes no difference who drafted it, and the adopted order is in compliance with the law. *Scott v. State*, 267 Ark. 628, 631, 593 S.W.2d 27, 29 (1980). Even assuming that the findings failed to adequately specify the parts of the record that form the basis of the circuit court's decision under Rule 37.3(a), we will still affirm if the record conclusively shows that the petition is without merit. *Greene v. State*, 356 Ark. 59, 65, 146 S.W.3d 871, 877 (2004). Here, the findings adopted by the circuit court met the requirements of the Rule, and, to the extent that it failed to cite with particularity the parts of the record that supported its conclusion, a review of the record on appeal demonstrates that the petition is without merit. The circuit court's order is affirmed.

Affirmed.

*Corie Rodrigus Frazier*, pro se appellant.
*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.