Cite as 2020 Ark. App. 429

# ARKANSAS COURT OF APPEALS
DIVISION III
**No.** CR-19-829

| | |
|---|---|
| OMAR H. ALI<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** September 23, 2020<br><br>APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT<br>[NO. 30CR-18-153]<br><br>HONORABLE CHRIS E WILLIAMS, JUDGE<br><br>AFFIRMED |

## MEREDITH B. SWITZER, Judge

Appellant Omar Ali appeals his conviction of one count of possession of five grams of methamphetamine in the Hot Spring County Circuit Court on the basis that the court erred in allowing the State to withdraw an agreement not to prosecute after he accepted it and had performed the conditions of the agreement. We affirm.

Ali was arrested on June 17, 2018, by a Malvern police officer on a probable-cause warrant during a traffic stop. A search incident to Ali's arrest revealed a baggie removed from his person containing several suspected controlled substances. Ali was subsequently charged with possession of seven grams of methamphetamine, possession of drug paraphernalia, and possession of cocaine as well as a habitual-offender enhancement for being a felon convicted of four or more felonies.

Ali entered a plea of not guilty to the charges on July 24. At the pretrial hearing on August 14, the following colloquy ensued:

PROSECUTOR: Judge, since our last court appearance [defense counsel] has sent someone to -- and I'm not sure if this person actually came to the police office and then to our office. But, regardless, we've received a letter from a female taking credit for possession of these drugs. I intend to ask the police department to investigate that. I don't know how the Court wants to handle it. She's claimed responsibility for that. I intend to ask the P.D. to see if they can investigate and see if that's enough to charge her. Mr. Ali's charges are possession -- drugs were alleged to have been in the vehicle. She's taking credit for having left them in the vehicle earlier is the gist of it. At this point I don't know if you'd like to give us another call back or if you would like to set this for trial. But I don't think Mr. Ali, until we investigate that, intends to plead guilty on this. We have made an offer.

CIRCUIT COURT: So, she's going to take a hit on a Class C felony for Mr. Ali.

PROSECUTOR: That is what it appears, Your Honor. I have a piece of paper. I have not talked to a live person. I believe it's been notarized, and she may have talked to [defense counsel].

DEFENSE COUNSEL: Yes, sir. She's been in my office and gave me a written-out statement, which I furnished to -- told her she needed to carry it to the prosecution. But she is adamant -- I have her name, address, and phone number -- that these were not his. They were hers. And I informed, told her, you understand you could or may be charged yourself for this.

CIRCUIT COURT: Yes, she could.

DEFENSE COUNSEL: And she said yes, she understood. That he was innocent of this.

CIRCUIT COURT: All right.

PROSECUTOR: Your Honor, Mr. Ali, I think has another case that I believe we've already set for trial. I don't know if you'd like to set this one the same day and let us see if we can't

work this out between now and then. We'd have a date back certain.

CIRCUIT COURT: Well, all I ask is that if you take a plea that you at least get a conditional plea on this one to wipe it out. And that conditional plea is that he'll testify truthfully –

PROSECUTOR: Yes.

CIRCUIT COURT: – based on whatever the facts are in the case so that the co-defendant will get convicted.

PROSECUTOR: And at this point –

CIRCUIT COURT: If they're actually the ones that had all the dope.

PROSECUTOR: Yes, sir. And that needs some further investigation.

CIRCUIT COURT: So, [defense counsel], is your client going to be willing to make a conditional plea offer for a dismissal?

DEFENSE COUNSEL: Yeah.

DEFENDANT: Yes.

CIRCUIT COURT: And that he'll testify truthfully, and he'll fill out a statement of what he will testify to.

DEFENDANT: Absolutely.

CIRCUIT COURT: All right, there you go. There you go. I'm –

PROSECUTOR: I'll get with C.I.D. at the police department, Your Honor.

CIRCUIT COURT: All right. You get them set up and meet with C.I.D. and let C.I.D. go over it and take a sworn statement from Mr. Ali. And you'll dismiss the charges. That's my understanding?

PROSECUTOR: If it –

CIRCUIT COURT: All right. I'll set it back. You get that done by August the 28th?

3

| | |
|---|---|
| PROSECUTOR: | I will certainly do my best. |
| CIRCUIT COURT: | I'll see all of you back here at one o'clock p.m. with a statement from law enforcement and an order for dismissal on Mr. Ali. |

Ali gave a written statement to the Hot Spring County Sheriff's Office on August 26, 2018. His statement provided that on June 17, 2018, Mary Katherine Davis returned a vehicle she had borrowed from him; soon after, she had called and told him she had left "a few baggies of cocaine, methamphetamines, white pills and marijuana in the center console" of the vehicle; she had asked Ali to meet her; and he was pulled over on his way to meet her.

The parties were back in court on August 28. While discussing Ali's case, the following discussion occurred:

| | |
|---|---|
| CIRCUIT COURT: | What's the status of Mr. Ali's case at this point in time? |
| PROSECUTOR: | Your Honor, we have an offer outstanding. I suspect Mr. Ali will probably reject that, but I don't know that for a fact. We had set this back so we could do some additional investigation. I spoke with Chief Deputy Shirron yesterday. He said at this point we will leave the charges as they are. So that will probably be news to Mr. Ali. I have not discussed that with [defense counsel], so . . . |
| CIRCUIT COURT: | Does he accept or reject the offer? |
| DEFENSE COUNSEL: | I don't have an offer. I don't have one. |
| PROSECUTOR: | The offer I'm showing, Your Honor, was a pen time offer on -- is it ten years? - on possession of meth, and six years concurrent on the possession of paraphernalia. |
| CIRCUIT COURT: | For a total of ten years? |

4

PROSECUTOR:                          Yes, sir, concurrent. Yes, sir.

DEFENSE COUNSEL:                Is that on the other case too?

PROSECUTOR:                          No, just this one.

A jury trial was set for March 15, 2019. Approximately thirty minutes prior to trial, the State nolle prossed the possession of cocaine and drug paraphernalia counts and, in an in-chambers meeting, amended the allegation of possession of seven grams of methamphetamine to possession of five grams. The circuit court also addressed Ali's contention that the State had agreed to dismiss his case if he gave a statement and agreed to testify that the drugs found in his possession in fact belonged to Davis, which he had done. In making this argument, Ali's counsel stated, "Now, it was not absolute on the record that that would happen. It was just that if upon further investigation by the Prosecution and by the police department that if the circumstances were as such then they could be dismissed. *But there was no actual agreement.*" (Emphasis added.) The circuit court then asked if defense counsel found the circuit court had referred to the agreement as a "conditional plea offer"; defense counsel agreed that was correct; and the circuit court stated it does not direct "the Prosecution of the State of Arkansas to do anything." The circuit court denied Ali's request to dismiss the case on the basis that the State had reviewed his statement and did not accept it as true.[1] Ali proceeded to trial on the single count of possession of five grams of

---

[1] The State agreed not to use Ali's statement against him at trial.

methamphetamine, was found guilty, and was sentenced to twenty-seven years in prison as a habitual offender.[2]

An agreement not to prosecute must be enforced if the appellant shows that the agreement existed and that he or she relied on the agreement to the appellant's detriment. *Savage v. State*, 2019 Ark. App. 532, at 10, 590 S.W.3d 164, 170. Two legal principles inform whether a valid agreement existed: (1) a court cannot make a contract for the parties but can only construe and enforce the contract the parties have made, and if there is no meeting of the minds, there is no contract; and (2) in order to make a contract, there must be a meeting of the minds as to all terms, using objective indicators. *Id.* Both parties are required to manifest assent to the specific terms of the contract. *Id.* Specific performance of an agreement not to prosecute is not appropriate if the government made no firm promise of immunity. *United States v. Johnson*, 861 F.2d 510 (1988). We review the circuit court's findings of fact for clear error, giving due weight to inferences drawn by the circuit court, and reverse only if the ruling is clearly erroneous or against the preponderance of the evidence. *State v. Johnson*, 2010 Ark. 77, 360 S.W.3d 104. Questions of law, however, are reviewed de novo. *Id.*

In the present case, Ali's counsel acknowledged prior to trial that *there was no actual agreement* that the State would dismiss the charges against Ali if he gave a written statement; the State clearly posited that additional investigation of the statement was needed. The State made no firm promise of immunity; in fact, it made no promise of immunity at all but rather

---

[2]Ali filed a motion for reconsideration of the State's refusal to dismiss the charges after he was convicted by a jury. The circuit court determined the motion was untimely, and Ali makes no argument on appeal regarding this ruling.

6

committed only to investigating the statements. It cannot be said there was a meeting of the minds on dismissing the charges against Ali. Absent a meeting of the minds, there was no agreement for the court to enforce. The circuit court did not clearly err in denying Ali's request to require the State to dismiss the charges against him.

Affirmed.

ABRAMSON and BROWN, JJ., agree.

*Gregory Crain*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.