Cite as 2021 Ark. App. 482

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR–21–77

| | | |
|---|---|---|
| OMAR ALI | | **Opinion Delivered** December 8, 2021 |
| | APPELLANT | |
| | | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT |
| V. | | [NO. 30CR-18-153] |
| | | |
| STATE OF ARKANSAS | | HONORABLE CHRIS E WILLIAMS, |
| | APPELLEE | JUDGE |
| | | |
| | | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

This is a pro se appeal from the denial of a petition filed pursuant to Arkansas Rule of Criminal Procedure 37 (2020). On January 29, 2021, the circuit court entered written findings related to the Rule 37 hearing. The circuit court organized Ali's allegations into seven categories: (1) the State offered a false promise of a plea agreement; (2) substitute trial counsel were not prepared for trial or were not competent; (3) trial counsel was ineffective for failing to move to suppress; (4) trial counsel generally was ineffective; (5) trial counsel failed to move to continue or to substitute counsel; (6) trial counsel failed to object to the State referencing the drugs in an envelope without forcing the State to open the envelope; and (7) trial counsel failed to object to an allegedly tainted photograph. Ultimately, the circuit court denied each of the claims.

On appeal, Ali argues seven points. First, he claims that counsel were ineffective for failing to enter into a written agreement with the State to dismiss his charges. Second, he

argues that counsel were ineffective for failing to provide him with a written copy of the ten-year guilty-plea offer. Third, he alleges that one of his attorneys, Phyllis Lemons, was ineffective for withdrawing from the case without notifying him. Fourth, he claims that counsel were ineffective for failing to interview a witness. Fifth, he argues that counsel were ineffective for failing to inform him of the expiration date of the ten-year guilty-plea offer. Sixth, he claims that counsel were ineffective for failing to object to a photograph and to the drugs in the envelope. Finally, he alleges that counsel were ineffective for failing to enforce the plea agreement by filing a motion to dismiss. All of Ali's arguments are either not preserved or without merit. Accordingly, we affirm the circuit court's denial of relief.

This court affirmed Ali's conviction on direct appeal in *Ali v. State*, 2020 Ark. App. 429. Here is a brief recitation of the facts as outlined in that opinion. Ali was arrested on June 17, 2018, by a Malvern police officer pursuant to a probable-cause warrant during a traffic stop. *Id*. at 1. A search incident to arrest revealed a baggie on his person that contained suspected controlled substances. *Id*. Ali subsequently was charged with possession of seven grams of methamphetamine, possession of drug paraphernalia, and possession of cocaine as well as a habitual-offender enhancement for being a felon convicted of four or more felonies. *Id*.

At a pretrial hearing on August 14, 2018, the State advised the circuit court that it had received a letter from a woman, later identified as Mary Katherine Davis, claiming that she left the drugs in Ali's vehicle. *Id*. at 2. The State also advised the circuit court that the claim needed further investigation. *Id*. at 3. While a specific agreement was not reached, the circuit court stated that its general understanding was that Ali would give a statement to

the police that indicated that the drugs belonged to Davis, and in return, the State would dismiss the charges. *Id*. at 3–4. Subsequently, Ali gave a statement to the Hot Spring County Sheriff's office. *Id*. at 4.

On August 28, 2018, the State informed the circuit court that it was not going to dismiss the charges. *Id*. at 4–5. The State also told the circuit court that Ali had been given an offer totaling ten years' imprisonment for the possession-of-methamphetamine and possession-of-drug-paraphernalia charges. *Id*. at 5. The offer was not accepted at that time. *Id*. On March 15, 2019, just prior to the start of trial, the State amended the allegation of possession of seven grams of methamphetamine to possession of five grams and nolle prossed the possession-of-cocaine and drug-paraphernalia charges. *Id*. Ali argued that the State had agreed to dismiss the charges if he agreed to testify against Davis. *Id*. However, Ali's counsel conceded, "Now, it was not absolute on the record that that would happen. It was just that if upon further investigation by the Prosecution and by the police department that if the circumstances were as such then they could be dismissed. But there was no actual agreement." *Id*. Ali's counsel also acknowledged that, to the extent any agreement was made, it was a "conditional plea offer." *Id*. The circuit court also denied Ali's request to dismiss the case because the State had reviewed his statement and did not accept it as true. *Id*. Ali subsequently was found guilty of possession of five grams of methamphetamine and sentenced to twenty-seven years' imprisonment as a habitual offender. *Id*.

On direct appeal, this court found that there was no agreement that the State would dismiss the charges if Ali gave a written statement; rather, the State committed only to investigating the statements by Ali and Davis. *Id*. Thus, because there was not an agreement

3

for the circuit court to enforce, the court did not err by denying Ali's request to require the State to dismiss the charges against him. *Id.*

On October 16, 2020, Ali filed a petition for postconviction relief pursuit to Rule 37 of the Arkansas Rules of Criminal Procedure. In the petition, Ali listed a plethora of claims for relief in paragraphs 9.A through 9.Z. On January 4, 2021, the Hot Spring County Circuit Court held a hearing via Zoom to take testimony relating to Ali's claims. Ali testified on his own behalf, and he called Debert Morgan, an inmate at the Grimes Unit, as a witness. Greg Crain, Philip Wilson, and Phyllis Lemons, Ali's trial attorneys, also testified at the postconviction hearing. At the end of the hearing, the circuit court ruled from the bench and denied Ali's claims. Ali timely filed a notice of appeal.

Our standard of review in Rule 37 cases is well settled. The appellate court does not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous or clearly against the preponderance of the evidence. *E.g.*, *Jackson v. State*, 352 Ark. 359, 364, 105 S.W.3d 352, 356 (2003). A finding is clearly erroneous when, although there is evidence to support it, after reviewing the totality of the evidence, the appellate court is left with the definite and firm conviction that a mistake has been committed. *E.g.*, *Watson v. State*, 2014 Ark. 203, at 2, 444 S.W.3d 835, 838. The burden is on the petitioner to prove his allegations for postconviction relief. *E.g.*, *Frazier v. State*, 2016 Ark. 55, at 6, 482 S.W.3d 305, 311 (per curiam). In postconviction proceedings, it is up to the trier of fact to determine the value and weight to be given to the testimony of witnesses. *E.g.*, *State v. Lacy*, 2016 Ark. 38, at 8, 480 S.W.3d 856, 861.

In reviewing a circuit court's denial of postconviction relief on an ineffective-assistance-of-counsel claim, the appellate court must determine, given the totality of the evidence under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), whether the circuit court clearly erred by holding that counsel's performance was not ineffective. *E.g.*, *Springs v. State*, 2012 Ark. 87, at 3, 387 S.W.3d 143, 147. To prove counsel was ineffective, the petitioner must show that (1) counsel's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms" and (2) the "professionally unreasonable" conduct of counsel "prejudiced the defense." *Strickland*, 466 U.S. at 687–88, 691–92. Under the first prong of *Strickland*, a petitioner must demonstrate that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *E.g.*, *Watson*, 2014 Ark. 203, at 3, 444 S.W.3d at 839.

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *E.g.*, *id*. A petitioner claiming ineffective assistance of counsel "has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment." *Id*.

"Judicial review of counsel's performance must be highly deferential, and a fair assessment of counsel's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from counsel's perspective at the time." *Weatherford v. State*, 363 Ark. 579, 583, 215 S.W.3d 642, 646–47 (2005). Matters of trial strategy are open to debate by experienced counsel and generally do not provide a basis for a finding of ineffective

5

assistance. *E.g.*, *McDaniel v. State*, 282 Ark. 170, 172, 666 S.W.2d 400, 401 (1984).

To show prejudice under the second prong of *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *E.g.*, *Watson*, 2014 Ark. 203, at 3–4, 444 S.W.3d at 839. Unless a petitioner makes both *Strickland* showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *E.g.*, *id.* at 4, 444 S.W.3d at 839. "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Anderson v. State*, 2011 Ark. 488, at 3–4, 385 S.W.3d 783, 787. Under these standards, Ali cannot prevail. Ali's argument is not preserved for appellate review, or in the alternative, counsel were not ineffective for failing to procure a written agreement.

First, Ali argues that trial counsel were ineffective for failing to enter into a written agreement with the prosecution as to the "conditional plea offer." Ali alleges that, by giving a statement to law enforcement, he was accepting the plea offer from the State. *Id.* And further, he believes that, had counsel obtained a written agreement, his charges would have been dismissed. *Id.* Our court is precluded from deciding this issue because Ali failed to obtain a ruling on this specific argument. *See, e.g.*, *Watkins v. State*, 2010 Ark. 156, at 5, 362 S.W.3d 910, 914. When the circuit court provides findings on at least one, but less than all, of a petitioner's claims, the petitioner has an obligation to obtain a ruling on any omitted issues if they are to be raised on appeal. *E.g.*, *id.* at 3, 362 S.W.3d at 914. Thus, because the

6

circuit court did not address Ali's ineffective-assistance claim and he failed to seek a specific ruling on the issue, it is not preserved for review.

As to Ali's second point, he argues that counsel was ineffective for failing to provide him with a written copy of the ten-year plea offer and for not giving him an expiration date on the offer. This claim is also not preserved for our review because Ali failed to obtain a specific ruling from the circuit court. Because of this, it is not preserved for appellate review, and Ali is not entitled to relief on this claim. *E.g.*, *Watkins*, 2010 Ark. 156, at 3, 362 S.W.3d at 914.

In his third point on appeal, Ali argues that Lemons provided ineffective assistance for failing to notify him of her withdrawal from his case due to her retirement. He adds that Lemons was ineffective for withdrawing from the case without advising him to accept the ten-year guilty-plea offer. Finally, he argues that Lemons was ineffective for withdrawing from the case prior to filing a motion to enforce an agreement to dismiss his case. Ali cannot demonstrate prejudice here. At the January 4, 2021, hearing, the circuit court denied Ali's claim. While Lemons admitted that she may not have sent Ali a letter advising him that she was retiring, she said a letter would have been unnecessary because Crain was already involved in the case and Wilson was taking over for her. Regardless, on the basis of its own recollection, the circuit court found that Ali had been advised that Lemons was retiring because it was mentioned during a court proceeding where Ali was present.

Further in his third appellate point, Ali also claims that Lemons retired without advising him of the ten-year guilty-plea offer or pursuing a dismissal. These claims are without merit. The circuit court found that Ali had been advised of the ten-year guilty-plea

7

offer. This finding is consistent with the testimony from all three of Ali's attorneys. Finally, relying in part on the direct-appeal opinion, the circuit court found that counsel was not ineffective for failing to move for a dismissal because there was never an agreement reached with the State through which the charges would have been dismissed. The circuit court's findings were consistent with the evidence presented at the hearing and this court's opinion on direct appeal. Certainly, they were neither clearly erroneous nor against the preponderance of the evidence. We therefore affirm the circuit court's denial of this claim.

For his fourth point on appeal, Ali argues that counsel was ineffective for allegedly failing to interview Mary Katherine Davis prior to advising him to plead guilty. However, Ali concedes in his brief that Lemons talked to Davis. At the pretrial hearings on August 14 and 18, 2018, Lemons stated that she talked to Davis. *See Ali*, 2020 Ark. App. 429, at 4. Ali has failed in his burden to provide facts that affirmatively prove his ineffective-assistance claim, and unsubstantiated allegations cannot form the basis for postconviction relief. *See, e.g., Frazier*, 2016 Ark. 55, at 6, 482 S.W.3d at 311. Ali cannot demonstrate *Strickland* prejudice simply because he did not follow counsel's advice and plead guilty. As such, the circuit court's denial of relief was neither clearly erroneous nor against the preponderance of the evidence, and we affirm the denial of this claim.

Ali's fifth appellate point is that his counsel were ineffective for failing to inform him of an expiration date on the ten-year guilty-plea offer. Crain testified that he explained to Ali that the offer "would be off the table when the jury trial started[,]" and Ali admitted that his attorneys informed him that it would expire when the trial started. In accordance

with this evidence, the circuit court found that Ali was advised on the ten-year offer. That finding is not clearly erroneous, and, as such, Ali's claim is without merit.

Moreover, Ali cannot demonstrate *Strickland* prejudice for two reasons. First, as the circuit court acknowledged, it was not the State that rescinded the offer on the morning of trial; rather, it was the circuit court that refused to accept it. Second, as the testimony at the hearing reflected, Ali was unwilling to accept the offer. Crain testified that when he discussed the offer with Ali, he "did not want the plea offer." Wilson stated that every time he attempted to discuss the offer with him, Ali kept bringing up the alleged agreement to dismiss. Lemons said that when Ali was presented with the ten-year offer, he rejected it by continuing to plead not guilty. Ali cannot demonstrate *Strickland* prejudice; accordingly, we affirm the denial of relief here.

Ali argues in his sixth point that Crain and Wilson provided ineffective assistance of counsel for failing to object to a photograph of the methamphetamine on a scale in which the weight was redacted and that counsel were ineffective for failing to object to the State's referencing the drugs in an envelope without forcing the State to open the envelope. The court found that the photograph of methamphetamine showed it in a plastic baggie, which yielded a greater weight than when it was reweighed at the Arkansas State Crime Laboratory without the bag. That finding was not clearly erroneous or against the preponderance of the evidence.

Crain testified that the photograph showed the methamphetamine on an uncertified scale. The scale may not have correctly shown the weight of the methamphetamine. The weight was redacted for Ali's benefit. Indeed, it is clear from the photograph of the

9

methamphetamine that it was weighed in the plastic baggie, which added weight. When a decision by counsel was a matter of trial tactics or strategy and is supported by reasonable professional judgment, like the one by counsel here, disagreement with that decision is not a proper basis for postconviction relief. *See, e.g., Sartin v. State*, 2012 Ark. 155, at 4, 400 S.W.3d 694, 697. Accordingly, we affirm.

Ali's seventh and final argument is that counsel were ineffective for failing to move to enforce the "plea agreement" pursuant to which he was to give a statement in exchange for the dismissal of the charge against him. The circuit court, again relying on our direct-appeal opinion, found that the claim was without merit because there was never an agreement reached between the State and the defense for Ali to make a statement in exchange for the dismissal of the charge. On direct appeal, we held that there was no agreement between the parties for the circuit court to enforce. *Ali*, 2020 Ark. App. 429, at 7. Counsel cannot be ineffective for failing to make a meritless motion. *E.g., Rea*, 2016 Ark. 368, at 6, 501 S.W.3d at 362. As such, the circuit court's finding was not clearly erroneous or against the preponderance of the evidence. We affirm the denial of relief as to this issue, and for all of the above reasons, we affirm the circuit court's denial of Ali's amended Rule 37 petition.

Affirmed.

BARRETT and WHITEAKER, JJ., agree.

*Omar Ali*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.